IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Saghar Mirfendereski,          :

      Plaintiff,          :     Case No.  2:10-cv-306

   v.                          :     JUDGE SARGUS

Prep Academy Schools, et al., :

      Defendants.          :


ORDER

The parties to this Fair Debt Collection Practices Act case
have reached an impasse with respect to the production of certain
documents requested by the plaintiff during discovery.  After a
telephone conference with the Court at which various aspects of
the matters at issue were discussed, and at the Court's
suggestion, plaintiff filed a motion to compel discovery.
Defendant Rakestraw responded as directed by the Court.  For the
following reasons, the motion to compel will be granted as set
forth below.

I.  Discussion

Although a number of different discovery-related issues were
discussed during the telephone conference, the issue which
prompted the motion to compel deals with plaintiff's request for
letters sent by Mr. Rakestraw from January 1, 2007 to December
31, 2009 to persons who allegedly owed a debt to any individual
or entity which Mr. Rakestraw (who is an attorney) represented.
The purpose of this request was to elicit evidence that Mr.
Rakestraw is a "debt collector" as defined in 15 U.S.C.
§1692a(6), which provides that a debt collector includes a person
who "regularly collects or attempt to collect ... debts owed or
due or asserted to be owed or due another."  Under this

provision, attorneys may be considered to be debt collectors if they regularly engage in debt collection activities, even if those activities consist of litigation.  See Heintz v. Jenkins, 514 U.S. 291 (1995).  However, as with any person alleged to be a debt collector, the plaintiff in this type of case must prove that the defendant "regularly" engages in debt collection activity, and this proof must consist of evidence that the person "must have more than an 'occasional' involvement with debt collection activities ...." Schroyer v. Frankel, 197 F.3d 1170, 1174 (6th Cir. 1999).  In the context of an attorney who is alleged to be a debt collector, the plaintiff must show that "the attorney ... collects debts as a matter of course for [his] clients or for some clients, or collects debts as a substantial, but not principal, part of his ... general law practice." Id. at 1176.

Given what plaintiff must show in order to prove that Mr. Rakestraw is a debt collector as defined under the FDCPA, the request for letters which he sent for the purpose of collecting debts owed to another is clearly relevant to a claim or defense in the case, and therefore satisfies the discovery relevance standard contained in Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...).  Courts have routinely considered matters such as the number of times an attorney has sent out a collection letter as evidence of whether the attorney is a debt collector.  See, e.g., Carace v. Lucas, 775 F.Supp. 502, 504-05 (D. Conn. 1990).  Thus, the question posed by the motion to compel is not so much the relevance of these documents, but what protections, if any, should accompany their production.

Mr. Rakestraw has argued that it would be an independent violation of the FDCPA to reveal certain information contained in any collection letters which he sent to alleged debtors.  He has

not identified any specific provision of the Act or any
regulations promulgated under the Act which, in his view, would
be violated by the production of these letters, but he may be
concerned about the prohibition in 15 U.S.C. §1692c(b) regarding
communication with third parties.  Section 1692c(b), however,
prohibits communications with a third party only "in connection
with the collection of a debt," which this would clearly not be,
and it allows for an exception with "the express permission of a
court of competent jurisdiction ...."  As far as regulations are
concerned (and the Court addresses this issue because, in the
memorandum in opposition, Mr. Rakestraw refers to "regulations
set forth under the Fair Debt Collection Practices Act," see Doc.
#18, at 1), until the effective date of P.L. 111-203, which
appears to have been July 21, 2010, 15 U.S.C. §1592l(d) provided
that neither the Federal Trade Commission nor any other agency
was permitted to promulgate regulations about debt collection by
debt collectors as defined in the FDCPA.  The Court is not aware
of any regulations promulgated since that date, nor any
regulation which might be violated by the production of these
letters as part of the discovery in this case.

    Notwithstanding the fact that a court order directing Mr.
Rakestraw to produce his collection letters would seem to
eliminate any question about whether that production might
subject him to liability for violating the FDCPA, the Court is
required to consider whether the production of debt collection
letters without any restriction on their dissemination or use
might cause any person to suffer from "annoyance, embarrassment,
oppression, or undue burden or expense ...."  Fed.R.Civ.P.
26(c)(1).  In order to address these concerns, the Court is given
broad discretion to fashion an appropriate order governing the
discovery in question, including forbidding certain discovery or
restricting the discovery to certain matters and not others.  See

-3-

id. Here, as was discussed during the telephone conference, it
may be possible to redact certain information from any collection
letters sent by Mr. Rakestraw in order to protect the identity of
the recipients of those letters or to shield certain information
about the alleged debt from public scrutiny without adversely
affecting plaintiff's ability to use the letters as evidence that
Mr. Rakestraw did, indeed, regularly collect debts as part of his
law practice.  The Court will therefore permit Mr. Rakestraw's
counsel to make such redactions so long as they do not affect the
plaintiff's or the Court's ability to determine if the letters
are, in fact, debt collection letters.  If any dispute about the
nature or propriety of the redactions arises, the Court is
willing to conduct an *in camera* review of selected letters in
order to resolve that dispute.  Further, the Court will restrict
the disclosure of the letters, even in redacted form, to the
parties and their counsel, and will restrict their use to
purposes related to this litigation.  No other specific
restrictions have been requested by the parties, so the Court
will not impose any at this time.

## II.  Order

Based on the foregoing, plaintiff's motion to compel
discovery (#16) is granted.  Defendant Rakestraw shall, within
fourteen days, fully respond to plaintiff's document request #14.
He may, however, redact any personal or sensitive information
from the documents produced so long as those redactions do not
affect the plaintiff's or the Court's ability to determine if any
letter which is produced is a debt collection letter.  Further,
the documents produced shall be disclosed only to the parties and
their counsel, or to the Court in the ordinary course of these
proceedings, absent a further order of the Court or an agreement
by the parties as to additional disclosures.  The documents may
not be used for any purpose other than the conduct of this case.

-4-

III. <u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                              /s/ Terence P. Kemp
                              United States Magistrate Judge