```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Saghar Mirfendereski,          :

      Plaintiff,            :      Case No.  2:10-cv-306

  v.                           :      JUDGE SARGUS

Prep Academy Schools, et al., :

      Defendants.           :

<u>ORDER</u>

    Plaintiff has moved for leave to join an additional person, Sean Mirfendereski, as a plaintiff in this case.  The motion has been opposed by defendant Rakestraw.  For the following reasons, the motion will be granted.

I.

    The motion for leave to join Sean Mirfendereski is brief.  It asserts that he was damaged in some way (which is neither specified in the motion nor in any proposed amended pleading) by the same debt collection letter that, according to the complaint, was sent to Seyed Mirfendereski.  The motion asserts that Seyed Mirfendereski is Sean Mirfendereski's brother, and that Sean Mirfendereski is plaintiff Saghar Mirfendereski's spouse.  The motion also indicates that consent to join Sean Mirfendereski was solicited but refused because of a concern that by consenting to the joinder, Mr. Rakestraw might be waiving any statute of limitations defense he might have to Sean Mirfendereski's claim.

    In his opposing memorandum, Mr. Rakestraw does not mention the statute of limitations.  Rather, he expresses some uncertainty as to the nature of the motion (i.e. whether it is a Rule 15 motion to amend or a Rule 20 motion for joinder) and indicates that he opposes it, whatever the basis for the motion

may be. However, the opposing brief is short on particulars as to the nature of the opposition, and does not suggest that any prejudice will result from the amendment or joinder.

In the reply, plaintiff is somewhat more specific about the type of motion she filed. The reply characterizes the motion as one for joinder of an additional party plaintiff under Rule 20(a), sets forth reasons why Sean Mirfendereski meets the criteria of that rule for joinder, and argues that the joinder will not prejudice Mr. Rakestraw's ability to prepare his defense. Again, however, no proposed amended complaint is attached to the reply.

## II.

Generally, Rule 20(a) allows multiple plaintiffs to join together in a single civil action if they assert "any right to relief ... arising out of the same transaction [or] occurrence" and the plaintiffs' claims share any common questions of law or fact. That rule cannot be read in isolation, however, if a new party is being added to a case by way of an amended pleading. Under those circumstances, both Rule 15(a) and Rule 20(a) are implicated. See, e.g., Dottore v. National Staffing Services, LLC, 2007 WL 2114668, *3 (N.D. Ohio July 20, 2007), citing, inter alia, Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611 (4th Cir. 2001).

Here, the original motion for leave to amend was timely. Rule 15(a) requires the Court to be liberal with its grant of leave to amend so long as there is no undue delay and there is no apparent prejudice to existing parties or to the Court. See generally Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The standards of that rule appear to be satisfied here. Additionally, although there is as yet no proposed amended complaint for the Court to review, plaintiff's motion represents that any claims asserted by Sean Mirfendereski will relate to the

same letter already at issue in the case.  If that is so (and the opposing memorandum does not take issue with that statement), Rule 20 would also appear to be satisfied because the same transaction is involved and there will certainly be at least some factual issues in common among the parties' claims. Consequently, although the record is sparse, the Court finds that plaintiff has met the burden imposed by both Rules 15 and 20 and that an amended complaint ought to be allowed.  It will, of course, have to plead a claim on behalf of the new plaintiff, Sean Mirfendereski, which does arise out of the same transaction as the claims made by the current plaintiff in order to satisfy Rule 20(a).

### III.

Based on the foregoing, the motion to add additional party plaintiff (#23) is granted.  An amended complaint, filed in accordance with the representations as to its content made in the motion, shall be filed within fourteen days of the date of this order.

### IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

or District Judge.  S.D. Ohio L.R. 72.4.

                                           /s/ Terence P. Kemp
                                           United States Magistrate Judge