IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAGHAR MIRFENDERESKI (SOLEYMANI), et al., | CASE NO. 2:10-cv-306 |
| Plaintiffs, | JUDGE SARGUS |
| vs. | MAGISTRATE JUDGE KEMP |
| PREP ACADEMY SCHOOLS, et al., | |
| Defendants. | |

### AGREED PROTECTIVE ORDER
### GOVERNING CONFIDENTIAL INFORMATION

Plaintiffs Saghar Mirfendereski (Soleymani) and Sean Mirfendereski and Defendant W. Vincent Rakestraw (collectively, the "parties"), through their attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports the entry of this Protective Order and that justice so requires,

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Agreed Protective Order as follows:

1. **Designated Material**: Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action, as well as any information or material filed with the Court, may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to this action) producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, , constitutes "Designated

3960726.1

Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and of protecting trade secrets or other confidential research, development, financial or commercial information relating to the Designating Person's business. The designation shall be either (a) "CONFIDENTIAL," or (b) "CONFIDENTIAL-ATTORNEY'S EYES ONLY." The designation on documents to be filed with the court shall read "CONFIDENTIAL or "CONFIDENTIAL-ATTORNEY'S EYES ONLY": Sealed by Court Order "Mirfendereski, et al. v. Prep Academy Schools, Inc., et al."

2. **Access to Designated Material**: Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

   a. **Parties**: Material designated "CONFIDENTIAL" may be disclosed (1) to those parties to this action or officers, directors, members and/or shareholders of parties to this action who have agreed in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order, and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed under the terms of sub-paragraphs (c) through (h) below.

   b. **Witnesses or Prospective Witnesses**: All Designated Material may be disclosed to any witness or prospective witnesses in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing or deposition; and subject to the restrictions set forth in this Agreed Protective Order. Before the disclosure of any Designated Material to witnesses or prospective witnesses, each such person shall sign a document substantially in the form of Exhibit A.

c.  **Counsel**: Material designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed only to outside counsel of record for parties to this action, their investigators, their legal associates, paralegals and their regularly employed office staffs. A designating party may designate information "CONFIDENTIAL-ATTORNEY'S EYES ONLY" when it believes in good faith that the information, in the context of the designating party's business, requires more secrecy than information designated "CONFIDENTIAL."

d.  **Experts Specifically Retained In And For This Litigation**: All such expert witnesses shall be instructed not to disclose the Designated Material or the fact that they possess Designated Material to any person, except as may be necessary within such person's organization to research, test, investigate, or perform tasks associated solely with this action. Before the disclosure of Designated Material to any expert specifically retained by any party and/or counsel in and for this litigation, each such expert shall first sign a document substantially in the form of Exhibit A, which form shall be retained by counsel for the disclosing party or non-party.

e.  **Court Personnel and Stenographers**: All Designated Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court. Designated Material may be viewed by stenographers or shorthand reporters who have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

f.  **Authors and Addressees**: Documents that contain Designated Material may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact has already received the document.

    g.    **Other Persons**: All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of Court. Temporary disclosure or possession of Designated Material may be provided as necessary to copying services, translators, and to litigation support firms providing consultation or graphics that such persons or entities have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

3.    **Copies**: Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 12 of this Order.

4.    **Custody of Designated Material**: A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such persons agree to be bound by this Order (Exhibit A).

5.    **Designating Material**: Documents shall be designated by placing, stamping or marking the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or similar words clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

6. **Designations to be Reasonable**: The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

7. **Objections**: A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on the other parties a captioned notice of objection, which shall identify with particularity the items the designation of which is challenged, and propose a new designation for or declassification of each item and the basis for such objection. The challenged material shall be deemed declassified or redesignated as proposed unless within ten business days after service (or thirteen business days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation or to designate the material otherwise; and the Designating Person shall have the burden of proof to justify such designation. The original designations shall remain effective unless the Court, by written entry, orders the redesignation or declassification of the materials, but in no event more than fourteen (14) days if the Court has not ruled on the motion. Before serving a formal notice of objection, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally.

8. **No Prejudice**:

    a. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order governs only the treatment of information and materials in discovery. At trial, the parties will redesignate or redact confidential designations as appropriate.

b. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

c. A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements of paragraph 13.

9. **Inadvertent Production**: Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege, work product doctrine, or any other statutory, regulatory, or common law privilege prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the applicable privilege, and no party shall be held to have waived any rights thereunder by inadvertent production. If within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected by an applicable privilege and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known originals and copies of such material are returned promptly to the producing party. The cost, if any, for excising such materials by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the inadvertent production.

10. **Final Disposition**: Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies

thereof shall be returned to counsel of record for the person that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. However, counsel of record may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

11. **Error in Designation:** The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

12. **Modifications and Survival:** The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

**SO ORDERED.**

_____  5-13-2011
Judge Edmund A. Sargus, Jr.

SO STIPULATED.

_/s/ Stephen Chappelear_  Date: May 12, 2011
Stephen Chappelear (0012205)
F. Allen Boseman (0084103)
Hahn Loeser + Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5148
Facsimile: (614) 221-5909
Email: sechappelear@hahnlaw.com
       aboseman@hahnlaw.com

*Counsel for Plaintiffs Saghar Mirfendereski
(Soleymani) and Sean Mirfendereski*

and

_/s/ Michael T. Cox_  Date: 5/9, 2011
Michael T. Cox (0080691)
4930 Reed Road, Suite 200
Columbus, Ohio 43220
Telephone: (614) 457-7700
Facsimile: (614) 457-7878
Email: columbusattorney@yahoo.com

*Counsel for Defendant W. Vincent Rakestraw*

3960726.1                    8

# **EXHIBIT A**

I hereby declare that I am to receive Designated Material, labeled as "Confidential" pursuant to the terms of the Agreed Protective Order entered the ___ day of _____, 2011, in the case styled *Mirfendereski, et al. v. Prep Academy Schools, et al.*, Case No. 2:10-cv-00306, Southern District of Ohio, Eastern Division.  I further declare that I have read a copy of the Agreed Protective Order, that I agree to be bound by all terms set forth in the Agreed Protective Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Agreed Protective Order.

_____    _____
Date Signed                                                                                  Declarant's Signature

_____
Printed Name

_____
Address

_____
City, State, Zip Code

3960726.1